

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SCOTT C. ANDERSON<br><br>Petitioner,<br><br>vs.<br><br>MONTANA BOARD OF PARDONS AND PAROLE; ATTORNEY GENERAL OF THE STATE OF MONTANA;<br><br>Respondents. | Cause No. CV 19-32-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 7, 2019, Petitioner Scott C. Anderson, a state prisoner proceeding pro se, filed a petition for habeas corpus relief pursuant 28 U.S.C. § 2254. (Doc. 1 at 8.)[1]

## I. Motion to Proceed In Forma Pauperis

Mr. Anderson seeks leave of the Court to proceed in forma pauperis. See, (Doc. 2.) After reviewing the motion and supporting account statement, Anderson has sufficiently shown he cannot afford to pay all costs that may be associated with

---

[1] Under the "prison mailbox rule," a prisoner's federal habeas petition is deemed filed when it is delivered to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

this action. The motion to proceed in forma pauperis will be granted.

**II.     28 U.S.C. § 2254 Petition**

As explained more fully below, because Anderson's current claims are unexhausted, his petition should be dismissed without prejudice.

**i.     Anderson's Claims**

Anderson was apparently released on parole on January 15, 2019, but was taken back into custody for the purported violations on March 9, 2019. (Doc. 1 at 13-14.) According to Anderson, on April 3, 2019, a parole revocation hearing was held. *Id.* at 4, ¶13(A). Anderson asserts that the punishment he received for the violations was excessive. It appears Anderson was removed from semi-restricted/transitional housing center for violating curfew and that a determination was made that he should complete additional Sexual Offender Programming (SOP). *Id.* at 3, ¶3. Anderson claims the SOP requirement is unlawful because he is not currently being supervised in Montana for a sexual offense and that it was previously determined that he required no further treatment. *Id.* at 5, ¶13(B). Anderson acknowledges he was convicted of spousal rape in Idaho in 2001. *Id.*; see also, (Doc. 1-1 at 1.)

Anderson contends that in revoking his parole, the Board of Pardons and Parole did not consider his current family situation. (Doc. 1 at 9.) Apparently, Anderson's current wife is ill and in need of assistance; Anderson had been

2

gainfully employed and providing his income and health benefits to his family. *Id.* Anderson claims his unique circumstances were not taken into account and alternative sanctions were not considered or exhausted. *Id.* at 11.

Anderson asks this Court to either order a new revocation hearing or impose the parole conditions previously set by the state district court in Cause No. DC-15-543.[2] *Id.* at 7, ¶16.

### ii. Analysis

As a preliminary matter it is unclear if Anderson intended to file this action in Federal District Court, or if he actually meant his filing for state district court. He makes several references to a "district court judge" and "appealing to a state court." See e.g., (Doc. 1 at 5, 10.) Additionally, the in forma pauperis application Anderson completed is captioned for state court. See, (Doc. 2 at 1.)

To the extent he intended to file in this Court, Anderson is advised that federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal

---

[2] DC-15-543 was a sentence imposed in Montana's Fourth Judicial Court, Missoula County, on March 29, 2016, for Failure to Register as a Sex or Violent Offender. Anderson was also sentenced in another Missoula County matter, DC-17-376, on August 7, 2017, for Issuing a Bad Check. See, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/2088508 (accessed May 14, 2019).

3

courts possess no power whatever to sit in direct review of state court decisions"). Federal habeas relief is available only for violations of federal law. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)(citations omitted).

Assuming for the sake of argument that Anderson can advance colorable federal claims, his petition should be dismissed because any claim he seeks to advance relative to his current custody has not yet been exhausted in the state court system. Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); (2) describe

"the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

By Anderson's own filings, it is clear that he has not attempted to seek habeas relief or any other extraordinary relief from the Montana Supreme Court or to present his claims to the state district court. See e.g., (Doc. 1 at 4, ¶11; 5, ¶¶(iii)-(v); 6, ¶¶ (iii)-(v); 9; 12; 13.) A review of the Montana Supreme Court docket does not reveal any pending actions to which Anderson is a party.[3]

Because there are still remedies available to Anderson under state law, he has not yet exhausted his available state court remedies and this Court cannot review the claim. *See, Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Anderson may return to this Court if and when he fully exhausts the claim relative to his current custody with the state courts.

### iii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

---

[3] See: Montana Supreme Court Docket: https://supremecourtdocket.mt.gov/ (accessed May 14, 2019).

5

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Anderson has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

### ORDER

1. Anderson's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Anderson may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Anderson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 14th day of May, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Anderson is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

7